**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, | No. 11-56694 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:05-cv-01548-L-BGS |
| v. | MEMORANDUM* |
| 350 W.A., LLC, a California limited liability company, | |
| Defendant-counter-claimant - Appellant, | |
| DAVID A. BLACKBURN, | |
| Counter-claimant - Appellant, | |
| and | |
| JACQUELINE HELLEIS, individually and doing business as Flagship Research, | |
| Defendant. | |

———————

  \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted August 9, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Appellants David Blackburn and 350 W.A., LLC, appeal the district court's grant of summary judgment. We affirm.

An insurance policy is properly rescinded when the insured makes material misrepresentations when applying for insurance. *See* Cal. Ins. Code §§ 330, 331 (West 2005). Appellants made misrepresentations when applying for insurance with Century by stating on their application form that they did not contemplate any demolition exposure or structural additions when, in fact, they did. Contrary to appellants' argument, to "contemplate" means to consider the possibility of action; it does not require firm and final decisions.

Appellants' misrepresentations were material. Misrepresentations are material when the insurer would have evaluated the risk to be insured differently, such as by denying the policy or charging different premiums, if the true facts had been known. *See Old Line Life Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1606 (1991). Century produced undisputed evidence demonstrating that it would

2

have denied the policy, issued a different policy, or charged different premiums if it had known the truth about the planned construction. Therefore, the district court properly concluded that the insurance contract was rescinded.

As the policy has been rescinded, appellants' counterclaims fail as a matter of law.

**AFFIRMED.**